# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL GARRETT,<br><br>          Plaintiff,<br><br>    v.<br><br>F. GONZALEZ, et al.,<br><br>          Defendants. | Case No. 1:11-cv-00686-SAB (PC)<br><br>ORDER REQUIRING PLAINTIFF EITHER TO FILE AMENDED COMPLAINT OR TO NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS IDENTIFIED HEREIN<br><br>THIRTY-DAY DEADLINE |

## I.

## INTRODUCTION

Plaintiff Darrell Garrett ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on April 29, 2011. (ECF No. 1.)

For the reasons set forth below, the Court finds that Plaintiff's complaint states some cognizable claims. The Court will order Plaintiff either to amend his complaint to cure the deficiencies in his non-cognizable claims or to notify the Court that he does not wish to amend and wishes to proceed only on the claims found to be cognizable in this order.

///

///

///

1

## II.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

///

///

///

# III.

# COMPLAINT ALLEGATIONS

Plaintiff is currently in custody in the Pelican Bay State Prison ("PBSP") in Crescent City, California. However, the incidents described in Plaintiff's complaint took place while he was incarcerated in the Administrative Segregation unit ("Ad-Seg") of North Kern State Prison ("NKSP") in Delano, California. Plaintiff names F. Gonzalez, Maurice Junious, S. Smith, Thomas, and T. Swaim as defendants (collectively referred to as "Defendants").

On the morning of April 5, 2010, prison officials ordered Plaintiff and his cellmate to exit their cell. Plaintiff refused to exit the cell due to "unnecessary treatment" by prison officials. Plaintiff also did not agree to a cell search. As a result, his cell was marked with an "X" and a paper was placed outside of his cell. At approximately 7:45 p.m. prison officials began serving the dinner meal. Plaintiff's cell was skipped and he did not receive any food. Plaintiff shouted out the door numerous times to get the prison officials' attention. An officer returned to Plaintiff's cell and explained that Plaintiff and his cellmate were not being given food "per order of Sergeant." Plaintiff requested to speak with the Sergeant but was told that he had no interest in speaking with Plaintiff regarding dinner that evening. At some point during the evening, Plaintiff received a response from the Warden, Defendant Junious. Defendant Junious stated that "Plaintiff refused to follow custody staff's orders—by having cell door 'covered,' which resulted in Plaintiff not receiving food."

The following morning, on April 6, 2010, prison officials served breakfast. Again, Plaintiff's cell was skipped and he did not receive any food for breakfast. Plaintiff again screamed out that he needed food, but prison officials reminded him that he was not receiving food per Sergeant's orders. At approximately 8:30 a.m., prison officials ordered Plaintiff to exit his cell. Plaintiff responded, "Feed us please and we will exit the cell." The officials told

Plaintiff he could not have any food. Plaintiff refused to exit the cell, which then resulted in a cell extraction.

Following the cell extraction, Plaintiff asked Defendant Swaim for food because he had not received dinner, breakfast, or lunch. Defendant Swaim stated, "You don't get to eat—that's the price you pay—you starve—maybe that will teach you a little discipline." Defendant Swaim then told Plaintiff to talk to him about food in three days. The prison officials stated that the reason Plaintiff was not given any food was that the cell door was covered. Plaintiff attests that nothing prevented prison officials from giving Plaintiff food.

On December 2, 2010, Plaintiff received the Director Level Appeals Decision. Defendant Thomas wrote the decision and stated that Plaintiff did receive dinner on April 5, 2010 in the form of a lunch sack. Defendant Thomas also stated that meals are normally recorded but "due to a large disturbance" a large number of cell extractions were performed that night and the meal was not documented due to an emergency situation. Plaintiff alleges that the appeal decision shows a contradiction in the prison's version of what occurred. Defendant Thomas' version claims that Plaintiff did receive a meal, while a different version alleges that Plaintiff refused his meal.

## IV.

## DISCUSSION

### A. Eighth Amendment Conditions and Confinement Claim

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement." Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). "[W]hile conditions of confinement may be, and often are, restrictive and harsh, they 'must not involve the wanton and unnecessary infliction of pain.'" Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101

4

S.Ct. 2392 (1981)). "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue. . . ." Hudson v. McMillian, 503 U.S. 1, 8, 112 S.Ct. 995 (1992). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." Hudson, 503 U.S. at 9 (citation omitted). With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. (quotations and citations omitted).

Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious. . . ." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety. . . ." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45. Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk. Id. at 844-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Farmer, 511 U.S. at 835; Frost, 152 F.3d at 1128.

"The Eighth Amendment requires only that prisoners receive food that is adequate to

maintain health; it need not be tasty or aesthetically pleasing." LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993); see also Johnson v. Lewis, 217 F.3d 726, 732 (9th Cir. 2000); Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir. 1996) amended by 135 F.3d 1318 (9th Cir. 1998).

Here, the Court finds that Plaintiff's allegations of being denied food are sufficient to state a claim against Defendant T. Swaim for subjecting Plaintiff to conditions of confinement, in violation of the Eighth Amendment. Plaintiff fails to state a claim against Defendant Junious because he fails to allege any facts as to how Defendant Junious was deliberately indifferent. Based on Plaintiff's complaint, it appears that Defendant Junious believed Plaintiff had covered his cell door to refuse food. Plaintiff also fails to state a claim against Defendant Thomas because his involvement with Plaintiff's appeal occurred months after he was denied food. As such, Defendant Thomas did not personally participate in the deprivation of Plaintiff's rights. Jones, 297 F.3d at 934. Additionally, Plaintiff's complaint fails to state a claim against Defendant F. Gonzalez and S. Smith due to the fact that Plaintiff's complaint fails to plead any facts showing that they were involved in depriving Plaintiff of food. Id. Although Plaintiff names numerous "prison officials" who denied him food, Plaintiff must state specifically who participated in depriving him of his constitutional rights. Id.

## V.

## CONCLUSION AND ORDER

Plaintiff's complaint states a cognizable claim against Defendant T. Swaim for conditions and confinement in violation of the Eighth Amendment. Plaintiff has not sufficiently alleged facts for claims against any other defendants. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claim for excessive force, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal of the other claims and Defendants, and will forward Plaintiff three (3) summons and three (3) USM-285 form for completion and return. In order to assist with the service of process, Plaintiff will also be required to provide all CDCR Form 602 documentation submitted in relation to this case. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

Although Plaintiff's factual allegations will be accepted as true and "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Plaintiff is advised that an amended complaint supersedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814

F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint. Finally, Plaintiff is advised that, should he choose to amend, he may not bring unrelated claims in the same action.

IT IS HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the Court in this order, or
   b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendant T. Swaim; and
3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **June 27, 2013**

UNITED STATES MAGISTRATE JUDGE