UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL GARRETT,<br><br>            Plaintiff,<br><br>      v.<br><br>F. GONZALEZ, et al.,<br><br>            Defendants. | Case No.: 1:11-cv-00686-SAB (PC)<br><br>ORDER DISMISSING THIRD AMENDED COMPLAINT, WITHOUT LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM, AND DIRECTING CLERK OF COURT TO TERMINATE ACTION |

Plaintiff Darrell Garrett is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on May 12, 2011.  Local Rule 302.

Now pending before the Court is Plaintiff's third amended complaint, filed on February 13, 2014.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.
## COMPLAINT ALLEGATIONS

On April 5, 2010, Plaintiff was housed in administrative segregation at North Kern State Prison. At approximately 8:30 a.m., Plaintiff and his cellmate were asked by correctional officers to cuff up so their cell could be searched and both Plaintiff and his cellmate declined the request.

At approximately 7:45 p.m., as dinner was being served, Defendants John Doe 1 and 2 bypassed Plaintiff's cell and stated that per the Sergeant and Lieutenant's orders, Plaintiff and his cellmate were not given food. Plaintiff requested to speak with the Sergeant and Lieutenant, but the officers advised him that they were not interested in speaking with him. On this date, Defendant Lieutenant Biccirea was aware and personally ordered the withholding of food as punishment and personally supervised the other officers.

///

On April 6, 2010, at approximately 8:00 a.m., breakfast and lunch was served. However, Defendants John Doe 3 and 4 bypassed Plaintiff's cell and stated that they were not being served food pursuant to the Sergeant and Lieutenant's orders. On this same date, at approximately 8:30 a.m., Plaintiff and his cellmate were ordered by officers to cuff up and they both refused. As a result, Plaintiff and his cellmate were pepper sprayed and forcefully removed from their cell.

After decontamination in the shower, Plaintiff and his cellmate were placed back in the same cell, and Plaintiff requested from Defendant T. Swaim that he be given food, to which Swaim responded "you don't get to eat that's the price you pay, maybe that will teach you a lil discipline talk to me in 3 days."

Defendant Lieutenant Biccirea failed to follow the law and ordered his staff to withhold food as punishment and failed to properly supervise his subordinate officers.

Prison officials reported that Plaintiff was not given food on April 5 and 6, 2010, because his cell door was "covered." However, Plaintiff attests that there was nothing preventing officials from giving him food. Plaintiff claims he was denied food as a form of punishment.

### III.
### DISCUSSION

**A.  Deliberate Indifference to Basic Needs**

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement." Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). "[W]hile conditions of confinement may be, and often are, restrictive and harsh, they 'must not involve the wanton and unnecessary infliction of pain.'" Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)). "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue. . . ." Hudson v. McMillian, 503 U.S. 1, 8, 112 S.Ct. 995 (1992). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." Hudson, 503 U.S. at 9 (citation omitted). With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to

form the basis of an Eighth Amendment violation." Id. (quotations and citations omitted).

Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious. . . ." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety. . . ." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45. Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk. Id. at 844-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Farmer, 511 U.S. at 835; Frost, 152 F.3d at 1128.

"The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing." LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993); see also Johnson v. Lewis, 217 F.3d 726, 732 (9th Cir. 2000); Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir. 1996) amended by 135 F.3d 1318 (9th Cir. 1998); see also Foster v. Runnels, 554 F.3d 807, 812-813 (9th Cir. 2009) (finding the denial of sixteen meals in twenty-three days a sufficiently serious deprivation for Eighth Amendment purposes). According to the Ninth Circuit, "[t]he *sustained* deprivation of food can be cruel and unusual punishment when it results in pain without any penological purpose." Foster, 554 F.3d at 814 (citing Phelps v. Kapnolas, 308 F.3d 180, 182 (2d Cir. 2002) (emphasis added).

"A prison official's duty under the Eighth Amendment is to ensure reasonable safety, a standard that incorporates due regard for prison officials' unenviable task of keeping dangerous men in safe custody under humane conditions." Farmer v. Brennan, 511 U.S. 825, 844-45, 114 S.Ct. 1970 (1994) (internal quotation marks and citations omitted). Thus, "prison officials who actually knew of

4

1  a substantial risk to inmate health or safety may be found free from liability if they responded
2  reasonably to the risk, even if harm ultimately was not averted." Id. at 844.
3         Here, Plaintiff's allegations in the third amended complaint make it sufficiently clear that his
4  allegation is based on the deprivation of food for three consecutive meals which, at most, occurred
5  over an 18 hour period of time, beginning at dinner time on April 5, 2010, through breakfast and lunch
6  on April 6, 2010.[1]  The Court finds Plaintiff's allegations do not rise to the level of a sufficiently
7  serious deprivation resulting in the denial of "the minimal civilized measures of life's necessities."
8  Rhodes, 452 U.S. at 347; see Foster, 554 F.3d at 812, n.1 (denial of two meals over a nine week period
9  was not sufficient serious deprivation versus the denial of 16 meals over a 23 day period of time); see
10 also Dearman v. Woodson, 429 F.2d 1288, 1289 (10th Cir. 1970) (no food for 50 plus hours was
11 sufficiently serious deprivation); Cooper v. Sheriff of Lubbock Co., 929 F.2d 1078, 1082-1083 (5th
12 Cir. 1991) (no food for twelve days sufficiently serious deprivation); Reed v. Coughlin, 725 F.2d 12,
13 16 (2d Cir. 1983) (no food for 12 days, some consecutive, out of 53 day period sufficiently serious
14 deprivation).  Accordingly, the Court finds that the third amended complaint should be dismissed for
15 failure to state a cognizable claim.
16    **B.    Dismissal Without Leave to Amend**
17        Generally, leave to amend a dismissed complaint should be granted if it appears at all possible
18 that the plaintiff can correct the defects in the complaint.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th
19 Cir. 2000).  Because Plaintiff has previously been given to amend and cannot cure the deficiencies
20 outlined herein, leave to amend is not warranted.
21 ///
22 ///
23 ///
24
25
26 ──────────────────
27 [1] As stated in the Director's Level Review of Plaintiff's inmate appeal, "[f]ailure of the [Plaintiff] and his cellmate to comply with staff orders to exit his cell and remove the coverings from his cell door, constituted a refusal of his evening meal.  In addition, the [Plaintiff's] refusal to comply with staff orders to remove coverings from his cell door, and his
28 refusal to submit to handcuffs created a security issue."  (Ex. A. to 3rd Amd. Compl.)

5

## IV.
## ORDER AND CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The third amended complaint is dismissed, without leave to amend, for failure to state a cognizable claim;

2. The Clerk of Court shall enter judgment against Plaintiff; and

3. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). <u>Silva v. Di Vittorio</u>, 658 F.3d 1090, 1098-99 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   **March 7, 2014**

UNITED STATES MAGISTRATE JUDGE

6